■ SIMON SRYBNIK et al., Copartners Doing Business under the Name of S. & S. MACHINERY COMPANY, Appellants v. LEEMATH, INC., Respondent.— In an action to foreclose a lien under a conditional sales agreement, for the sale and purchase of two machines, the conditional vendee interposed a counterclaim to recover damages, alleging that the machinery was defective. The appeal is from an order denying a motion for summary judgment striking out the answer and counterclaim. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. The terms of the sales agreement are not disputed. Under these terms respondent was required to make a down payment of $1,200 and to pay the balance of $8,268 by twelve monthly promissory notes of $689, the first of which was due January 18, 1954. The agreement, which contains no express warranties, provides that the detention of the machinery for 30 days after delivery shall constitute an acceptance thereof and a waiver of any warranty, express or implied. The machinery was delivered on December 21, 1953, and respondent, after having made the down payment, paid three of the notes which became due on the 18th day of January, February and March, 1954. The April note was unpaid because of respondent's financial difficulties. By arrangement between the parties the time to pay the April note and one half of the May and June notes was extended to January and February, 1955. In a letter confirming the arrangements, respondent made no mention of any claimed defects in the machinery, but expressed gratitude for appellants' kindness and consideration. Thereafter respondent paid the monthly notes through October, 1954, but stopped payment of the November, 1954 note. In response to a demand for payment, respondent's attorney, in a letter dated December 8, 1954, claimed that the machinery was defective. This was the first written notice of a claimed defect. The attorney wrote another letter and referred to correspondence between the parties with respect to the alleged defective machinery. Respondent, however, has failed to produce any of the correspondence referred to but relies on a

letter from the manufacturer of the machine dated October 11, 1954, quoting the price of two valves. This letter is not proof that the machinery was defective or that appellants had notice of the defects and, in any event, it was dated almost a year after the delivery of the machinery. Respondent claims that the machine asserted to be defective was purchased to perform an urgent contract, that it was *never* used or made operative because of its defect, and that this resulted in the cancellation of the urgent contract with attendant financial loss. This claim is irreconcilable with the payment, without complaint, of the numerous installment notes, with the expression of gratitude for appellants' extension of time, and with respondent's silence with respect to the defects for almost a year after delivery. In our opinion, the answer and the affidavits are sham and frivolous and do not raise any triable issues. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.